[No. 10,414.]

## THE · PEOPLE *v.* A. P. GIBSON.

CREDIBILITY OF AN ACCOMPLICE AS A WITNESS.—The jury are the exclusive judges of the credibility of an accomplice, as well as of the other witnesses who testified in the cause.

APPEAL from the District Court of the Ninth Judicial District, Shasta County.

The defendant was convicted of the crime of murder, an accomplice being an important witness at the trial. He appealed. The other facts are sufficiently stated in the opinion.

*Aaron Bell*, for Appellant.

*Attorney-General Hamilton*, for Respondent.

By the COURT:

The defendant's first point is, that the Court erred in instructing the jury "that the jury are the exclusive judges of the credibility of a witness." It is claimed that the instructions given by the Court show that an accomplice was a witness in the case; and it is contended that the rule stated in the instruction above cited had no application to the testimony of an accomplice. The Courts have in almost numberless instances commented upon the testimony of accomplices, cautioning juries in respect to the general unreliable character of such testimony; and statutes have been passed, containing provisions similar to

those of sec. 1111 of the Penal Code, to the effect that a conviction cannot be had upon the testimony of an accomplice, unless corroborated by evidence which tends to connect the defendant with the commission of the offense; but the industry of counsel has not enabled him to find an authority in support of his proposition. It will not be doubted that the jury might acquit, although the testimony of the accomplice was full as to the commission of the offense by the defendant, and testimony from other sources clearly tended to connect the defendant with the commission of the offense; and this because the jury disbelieved the testimony of the accomplice—because they, as judges of his credibility, rejected his testimony as unworthy of belief. They must, of necessity, be the judges of his credibility; for that question does not come within the province of the Court; and if they are not the judges of his credibility, there are no means by which his testimony may be rejected as improbable or false.

In cases in which an accomplice is a witness, the jury must determine the issues, as in other cases, subject to the qualifications and limitations prescribed by sec. 1111 of the Penal Code, respecting the corroboration of the accomplice.

Judgment affirmed.